## Crisp v. Utilities Elkhorn Coal Co. et al.

March 19, 1940.

John W. Caudill, Judge.

C. B. Wheeler, C. P. Stephens and Joe Hobson for appellant.
Combs & Combs for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

This is a companion case of A. B. Flannery and Mary Flannery v. Utilities Elkhorn and Beaver Creek Coal Companies, 282 Ky. 355, 138 S. W. (2d) 988, this day decided. Appellant owns a portion of the land formerly owned by A. S. Crisp who conveyed the minerals therein with certain rights of easement, etc., to Walter S. Harkins and to which appellees by mesne conveyance have succeeded in title. Except as respect parties and the land involved the petition as amended is in effect the same as in the Flannery case and the evidence also is of the same character and purport but appellant filed no answer or other pleading..

Appellees are insisting that the judgment should be affirmed since they were entitled to default judgment because of failure of appellant to answer or in any way respond to their pleading; but appellant is insisting that appellees waived failure to file answer because they practiced and treated the case as if answer had been filed by taking evidence and permitting the case to proceed to judgment without objection to evidence offered by appellant.

However, we do not deem it necessary to determine this question because the evidence for appellees fully

sustains the judgment granting them the relief sought. The proof clearly tends to establish that it is necessary to have wider right of way at certain points in order to get proper footing for fills, to eliminate heavy grades and also to construct higher trestles. The evidence for appellees is also to the effect that the right of way is laid out in the most convenient and feasible way. There is evidence for appellant that more right of way has been granted than is necessary and that it takes in some valuable tillable land of appellant when it could be as conveniently laid out so as not to take such valuable land. The evidence is conflicting as it was on the same issue in the Flannery case, and therefore for the reasons stated in the opinion in that case the judgment should be and is in all particulars affirmed on both the original and cross appeal.